**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

WENDY M. WILLIAMS,                    *
                                      *
    Plaintiff,                        *
                                      *
vs.                                   * CIVIL ACTION NO. 25-00246-KD-B
                                      *
MICROSOFT,                            *
                                      *
    Defendant.                        *

<u>**REPORT AND RECOMMENDATION**</u>

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on review.  For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiff, Wendy M. Williams, be **DISMISSED** without prejudice for failure to prosecute and obey the Court's orders.

**I. BACKGROUND**

Plaintiff Wendy Williams, proceeding *pro se*, commenced this action on June 12, 2025 by filing a complaint against Microsoft and subsequent thereto, she filed a "Notice of Amendment/Supplement to Complaint".  (Docs. 1, 2).  At the time Williams commenced this action, she did not pay the filing fee nor file a motion to proceed without prepayment of fees.  In an order dated August 7, 2025, the Court directed Williams to pay the $405 filing fee or to file a motion to proceed without prepayment of fees no later than August 18, 2025.  (Doc. 3).  Additionally, the

Court advised Williams that her purported amendment did not
constitute an amended complaint, and that to the extent she desired
to file an amended complaint, the information in her original
complaint and notice of amendment were required to be incorporated
into a single document to form the operative pleading in the case.
(Id.).  Thus, Williams was directed to file her amended complaint
by August 18, 2025. (Id.).

    To date, Williams has not paid the filing fee or filed a
motion to proceed without prepayment of fees.  She has also failed
to file an amended complaint as directed.   Williams did call
chambers professing to have filed a motion to proceed without
prepayment of fees (for several cases)[1];  however, she was apprised
that no such filing was reflected on the case docket sheet for
this case.  Notwithstanding, Williams made no effort to comply
with the Court's order dated August 7, 2025 (Doc. 3) directing her
to pay the filing fee or to file a motion to proceed without
prepayment of fees, and to file an amended complaint.

---

[1] The Court records reflect that this year alone, Williams has
filed at least eight different cases,  namely, Williams v. U.S.
Post Office, Case No. 25-00026-JB-N,  Williams v. Mobile Police
Department, Case No. 25-00037-KD-MU, Williams v. U.S. Post Office,
Prichard, Al, Case No. 25-00063-TFM, Williams v. Burns, et al,
Case No. 25-00093-TFM-N, Williams v. Mobile Police Department,
Case No. 25-00151-TFM-MU, Williams v. Microsoft, Case No. 25-
00246-KD-B, Williams v. T-Mobile USA, Inc., Case No. 25-304-KD-MU
and Williams v. City of Mobile, Case No. 25-304-KD-MU.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630- 31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The undersigned hereby recommends that the instant action be dismissed without prejudice based on Williams' failure to prosecute and to obey the Court's order dated August 7, 2025, directing her to timely pay the filing fee or file a motion to proceed without prepayment of fees and to file an amended complaint

3

by August 18, 2025. (Doc. 3).  Williams was cautioned that failure to comply with the Court's order within the prescribed time would result in a recommendation from the undersigned that her action be dismissed for failure to prosecute and to comply with the Court's order. (Id.).

Accordingly, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if

4

necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **10th** day of **September 2025**.

                          **/s/ SONJA F. BIVINS**
                          **UNITED STATES MAGISTRATE JUDGE**